UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PRINELL PAUL,

                            Petitioner,

-against-                                          9:25-CV-295 (LEK)

JUDGE MATTHEW DORAN,

                            Respondent.[1]

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 6, 2025, Petitioner Prinell Paul filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition").[2] The Court now conducts an initial review of the pleading.

### II. BACKGROUND

Petitioner was released on parole in January 2023. *See* New York State Department of Corrections and Community Supervision Inmate Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Paul, Prinell") (last accessed March 31, 2025).

On June 2, 2023, Petitioner was charged with a felony for criminal possession of a loaded weapon. Pet. at 6. Petitioner was indicted by a grand jury for the charge on June 9, 2023. *Id.* In a

---

[1] The proper respondent for a federal habeas action is the superintendent of the facility in which petitioner is incarcerated. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Accordingly, the Clerk is respectfully directed to update the caption to reflect the proper Respondent: T. Shelly, Sheriff of Onondaga County.

[2] Citations to Petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

separate federal civil rights complaint, which Petitioner earlier filed with this district, he explained that "he copped out on parole and was sentenced to 14 months for a parole violation." *Paul v. Onondaga Cty. Dist. Attorney's Office*, No. 23-CV-1385, 2024 WL 445701, at *2 (N.D.N.Y. Feb. 6, 2024) (internal quotations omitted). However, Petitioner failed to indicate that his parole had been revoked in the instant action.

Petitioner argues that he is entitled to federal habeas relief because he has been unlawfully detained since June 2023. Specifically, Petitioner alleges that (1) his rights were violated when his speedy trial motion was wrongly denied as he's been waiting "21 months [with] still no trial," Pet. at 6; (2) his Sixth Amendment rights were violated when the prosecution obtained, and the trial judge listened to, three calls which the Justice Center recorded between Petitioner and his counsel related to the weapons charge, *id.*; and (3) his Eighth Amendment rights were violated because the county court set unnecessarily high bail, *id.* at 7. Petitioner seeks "the court to dismiss [the charges] and release [P]etitioner as soon as possible since] multiple amendments have been violated." *Id*.

### III. DISCUSSION

#### A. Conversion of 2241 Petition to a 2254 Petition

This Petition was brought pursuant to 28 U.S.C. § 2241. Section 2241 provides that the district courts may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Section 2241 generally permits petitioners incarcerated in federal prisons to challenge the execution of a sentence. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *see also Doe v. Terrell*, No. 09-CV-5834, 2010 WL 743180 at *3 (S.D.N.Y. Feb. 25, 2010) ("Although [Section] 2241 may be invoked by prisoners 'in custody under or by color of

the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States,' . . . the statute pertains to challenges to the execution of a *federal* sentence.").

Meanwhile, petitioners incarcerated in state prisons may bring challenges both to the execution of a sentence and to underlying convictions under 28 U.S.C. § 2254. Section 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) This includes challenges to the revocation of one's parole. *Cook*, 321 F.3d at 278.

While Petitioner explicitly brings this Petition pursuant to Section 2241, the courts are not bound to accept it as such. When a petitioner is in custody pursuant to the judgement of a state court—including during a period of parole or post-release supervision—the petition must be treated as one under Section 2254. *See id.* at 277 ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [S]ection 2241, the district court must treat it as a [S]ection 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)). It is the substance of the petition, rather than its form, that governs." *Id.* at at 278 (internal quotations omitted).

Here, Petitioner remains in state custody until his period of post-release supervision is completed for his state court conviction. Accordingly, Petitioner must challenge his present custody pursuant to Section 2254.

This distinction is important because unlike Section 2241 petitions, petitions filed under Section 2254 are subject to the "gate-keeping" provisions of 28 U.S.C. § 2244. Conversion of Petitioner's filing will bring with it certain restrictions.

First, petitioners are generally permitted to file only one Section 2254 petition challenging a particular state court judgment. 28 U.S.C. § 2244(b). Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals. 28 U.S.C. § 2244(b).

Second, Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, that period begins on the date at which either the state criminal conviction or other challenged state court decision became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). For purposes of Section 2244, a state conviction becomes "final" when the Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired. *Gonzalez v. Thaler*, 565 U.S. 134,154 (2012).

In light of the restrictions above, a filing may not be converted from a Section 2241 petition into a Section 2254 petition without first notifying the petitioner of the court's intent to convert the petition and giving them an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *Cook*, 321 F.3d at 282. Accordingly, Petitioner is notified and advised that the Court intends to convert this Section 2241 petition into a Section 2254 petition, and that this conversion means that the Petition will be subject to the restrictions set forth in 28 U.S.C. § 2244.

The conversion of this Petition will occur unless Petitioner notifies the Court, in writing, within thirty days of the filing date of this Memorandum-Decision and Order that he voluntarily withdraws the petition instead of having it converted to a petition under Section 2254. If

Petitioner does not advise the Court in writing within thirty days of his intent to withdraw the Petition, the Court will convert his Petition into a Section 2254 petition.

### B. Amendment

In addition to the restrictions set forth in Section 2244, Petitioner will also be subject to the exhaustion requirement under 28 U.S.C. § 2254(b). Upon initial review, the Court finds that the instant Petition lacks the details necessary for the Court to find these requirements satisfied.

An application for a writ of habeas corpus may not be granted unless a petitioner has exhausted all remedies available in state court, or if the Court finds "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, Petitioner challenges, *inter alia*, the basis for the alleged parole violation—namely, that he committed new criminal conduct by possessing a "loaded weapon" while on supervised release. Pet. at 6–7. How Petitioner must exhaust his remedies depends on where Petitioner is in the process.

If Petitioner appeared for a final revocation hearing and his supervision was revoked, "[t]he typical path for exhausting a claim . . . includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding." *McCullough v. New York State Div. of Parole*, No. 11-CV-1112, 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015). "If the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it.'" *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

Accordingly, if Petitioner is currently incarcerated because his parole was revoked, Petitioner will need to outline how he has challenged that revocation. Specifically, he must outline the administrative and state court measures that he has pursued, and the results thereof, since the revocation and his sentence to fourteen months of incarceration.

Conversely, if Petitioner is still in pre-hearing detention, he must nevertheless provide the necessary details for the undersigned to confirm that he has successfully exhausted the state court remedies available to him. Specifically, Petitioner indicated that he filed a 30.30 motion, challenging the violation of his speedy trial rights. Pet. at 6. He also refers to discovery hearing requests. Ex. at 1–13. However, there are no details about how any of these motions were resolved, or if there were any subsequent appeals. This lack of clarity prevents the Court from determining whether his claims are fully exhausted.

Based on the foregoing, unless Petitioner voluntarily withdraws his petition, he is directed to file an amended petition within thirty days of the filing date of this Memorandum-Decision and Order that addresses if and how he has exhausted his state court remedies.

## IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner must notify the Court in writing within thirty (30) days of the filing date of this Memorandum-Decision and Order whether he: (1) consents to having his Section 2241 petition converted to a Section 2254 petition; or (2) voluntarily withdraws the pending petition instead of having it converted. If Petitioner fails to advise the Court in writing within thirty (30) days of the filing date of this Memorandum-Decision and Order of either his consent to the conversion or his voluntary withdrawal of this petition, the petition will be converted to a Section 2254 petition; and it is further

**ORDERED**, that if Petitioner does not voluntarily withdraw his petition, he must file an amended petition within thirty (30) days of the filing date of this Decision and Order. The Clerk is directed to provide Petitioner with a blank Section 2254 habeas petition for that purpose. Petitioner shall fully complete each and every part of the blank petition. The amended petition must clearly list the date(s) on which Petitioner filed any application(s) in state court for direct or collateral review concerning his probation revocation, the name and location of the court in which he filed each application, and the date on which each court denied each application. Petitioner must not incorporate any portion of any prior petition into his amended petition by reference. Petitioner must include all relevant information in the amended petition in accordance with the terms of this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Petitioner fails to file an amended petition within thirty (30) days of the filing date of this Memorandum-Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED**, that upon the filing of any amended petition, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     May 6, 2025
           Albany, New York

LAWRENCE E. KAHN
United States District Judge